ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
VINCE CHHABRIA, United States District Judge *1007 Nadezhda Samers's motion for summary judgment is granted. The ALJ's denial of benefits is reversed, and the case is remanded for an award of benefits.
1. The ALJ erred in discrediting the October 2016 opinion of Samers's treating physician, Dr. Crisostomo. A treating physician's opinion, "even if contradicted by another doctor, can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Lester v. Chater , 81 F.3d 821, 830-31 (9th Cir. 1995). The ALJ concluded that Dr. Crisostomo's opinion was entitled to limited weight because "the medical evidence shows improvement with medications, and [Samers's] symptoms have been described as mild[.]" The ALJ supported the statement with a string cite to a series of exhibits representing Samers's entire medical history, which is, standing alone, error. More importantly, neither statement provides an accurate portrait of Samers's medical history, which is consistent with persistent and serious limitations.
The ALJ's adverse credibility determination was premised on a selective reading of the record. In summarizing the record, the ALJ emphasized positive aspects of Samers's medical history without considering her overall trajectory. For example, the ALJ's opinion discusses a March 2017 doctor's report relaying Samers's comments that "[the] medications were helpful," and that her typical day might include "waking and drinking coffee; watching the news on television; ... talking on the telephone with friends." Although this purports to be a neutral description of the doctor's report, it is not. The same report notes that Samers "[c]ontinues to have episodes of forgetfulness and misplacing things," "states sometimes she will hear a voice calling her name from another room," and was "still experiencing dysphoria, anxiety, and mild psychotic features." Elsewhere, the ALJ cites treatment notes that mention Samers's good hygiene, eye contact, and concentration during appointments, but the Ninth Circuit has cautioned that these statements must be considered in light of the entire diagnostic record. See Ghanim v. Colvin , 763 F.3d 1154, 1164 (9th Cir. 2014) (holding that an ALJ erred when he "improperly cherry-picked" the treating physician's "characterizations of [claimant's] rapport and demeanor instead of considering these factors in the context of [the treating physician's] diagnoses and observations of impairment.").[1]
At oral argument, the Court expressed concern that the ALJ rejected the treating physicians' opinions by simply intoning that those opinions were inconsistent with the record and then providing a long string cite to the record. Counsel for the Commissioner responded that this is not what happened, and asserted that the ALJ's reasons for rejecting the opinions appeared in the earlier portion of her decision in which she purported to summarize the medical record. Perhaps if the ALJ's *1008 summary of the medical record had been remotely balanced or accurate, counsel's response could have carried the day. But if an ALJ's purported factual description of the medical record is actually a one-sided advocacy piece which fails to acknowledge key aspects of the record that support the disability claim, such a description cannot constitute "specific and legitimate reasons" for rejecting a treating physician's opinion that the claimant is disabled.
Moreover, even putting aside the inadequacy of the ALJ's reasoning, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." Orn v. Astrue , 495 F.3d 625, 630 (9th Cir. 2007) (quoting Robbins v. Social Security Administration , 466 F.3d 880, 882 (9th Cir. 2006) ). Because the record, read as a whole, does not conflict with or otherwise undermine Dr. Crisostomo's opinion, the ALJ lacked an adequate evidentiary basis for discrediting it.[2]
2. The ALJ also erred in discrediting Samers's testimony about the "intensity, persistence, and limiting effects" of her symptoms. The ALJ found that Samers had presented objective medical evidence of impairments that could reasonably be expected to produce her symptoms and identified no evidence of malingering. The ALJ was therefore required to make "specific findings stating clear and convincing reasons" before rejecting her testimony. Smolen v. Chater , 80 F.3d 1273, 1284 (9th Cir. 1996). This standard is "the most demanding required in Social Security cases." Garrison v. Colvin , 759 F.3d 995, 1015 (9th Cir. 2014).
The ALJ's proffered reasons do not rise to this level. First, the ALJ discredited Samers's testimony because "medications have been relatively effective in controlling [her] symptoms." As discussed above, this statement does not accurately summarize Samers's medical history.
Other reasons offered by the ALJ do not conflict with Samers's testimony at all. For example, the ALJ noted that Samers did not seek out treatment between June 2010 and March 2011, in November 2011, or in September 2012. The ALJ did not ask Samers about the apparent gaps in treatment at the hearing but concluded that the gaps were inconsistent with "disabling levels of symptoms." But during this period, Samers was hospitalized twice and received emergency psychiatric care. In each instance, she was involuntarily committed after others observed her behaving erratically. Given these circumstances, her failure to voluntarily seek out treatment does not provide clear and convincing evidence that she is not disabled. Cf. Regennitter v. Commissioner of the Social Security Administration , 166 F.3d 1294, 1299-1300 (9th Cir. 1999) (noting that "it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation"). Similarly, other factors identified by the ALJ-that Samers was able to engage in some limited activities, volunteered and once traveled to her home country (although she required medical attention while there)-are consistent with Samers's account of her limitations.
3. A remand for an award of benefits is appropriate in this case. As discussed *1009 above, the ALJ failed to give legally sufficient reasons for rejecting Samers's testimony and her treating physician's evaluation. The record is fully developed and there are no conflicts or ambiguities that must be resolved before a disability determination can be made. Treichler v. Commissioner of Social Security Administration , 775 F.3d 1090, 1101 (9th Cir. 2014) (internal quotation marks omitted).[3] And if Samers's testimony and Dr. Crisostomo's opinion are credited, then Samers is disabled. The vocational expert testified that there were no jobs in the national economy available for a hypothetical claimant with Samers's actual limitations. Because further administrative proceedings would not be useful, this case is remanded to the Social Security Administration for an award of benefits.
IT IS SO ORDERED.
Samers also argues that the ALJ erred because she did not consider whether Samers's impairments met the criteria for Listing 12.03 ("Schizophrenia Spectrum and Other Psychotic Disorders"). If Samers met those criteria, she would be entitled to a conclusive presumption of disability. Samers has not presented any further argument as to how her impairments meet or equal the listing criteria and so the argument is waived and will not be considered. See Burch v. Barnhart , 400 F.3d 676, 682-83 (9th Cir. 2005). The Court notes, however, that the record contains evidence suggesting that Samers may meet those criteria.
The ALJ discredited Dr. Espejo's opinion for the same reason, which was also error. The parties dispute whether Dr. Espejo is Samers's treating physician, or whether his opinion should receive reduced weight because Samers was actually assessed by a nurse practitioner. The ALJ erred regardless of how Dr. Espejo's opinion is classified, and so this dispute goes only to the opinion's weight. Furthermore, if Dr. Crisostomo's opinion and Samers's testimony are credited, then Samers is disabled whether or not Dr. Espejo's opinion is also credited.
The Commissioner appears to concede, at least with respect to Samers's testimony, that there is no ambiguous evidence that warrants any further record development. See Dkt. No. 20 at 7.